**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**No. 70–347.**

United States District Court, E. D. Pennsylvania.

March 7, 1972.

Blank, Rome, Klaus & Comisky, by Edward Stern and James Howard, Philadelphia, for trustees, Penn Cent. Transp. Co.

Dilworth, Paxson, Kalish, Levy & Coleman, by David Pittinsky, Philadel-

phia, Pa., and Winthrop, Stimson, Putnam & Roberts, by Edward A. Christensen, New York City, for Irving Trust Co.

Fox, Rothschild, O'Brien & Frankel, by Nochem S. Winnet, Philadelphia, Pa., for First Nat. City Bank of New York.

Tate & Ervin, by W. Bourne Ruthrauff, Philadelphia, Pa., for Richard Joyce Smith, trustee, New York, New Haven & Hartford R. R.

Ballard, Spahr, Andrews & Ingersoll, by Richardson Blair, Morris Cheston, Jr., and Alan Fellheimer, Philadelphia, Pa., for Girard Trust Bank.

Davis, Polk & Wardwell, by Stephen M. Case, J. R. Leekley, and D. M. Galin, New York City, for Morgan Guaranty Trust Co. of New York, as Indenture Trustee.

Kelley, Drye, Warren, Clark, Carr & Ellis, by Peter G. Ernster, New York City, for Manufacturers Hanover Trust Co.

Willkie, Farr & Gallagher, by Walter H. Brown, Jr., New York City, for Institutional Investors, Penn Central Group.

Edith I. Spivak, New York City, for City of New York.

Morgan, Lewis & Bockius, by John N. Schaeffer, Jr., Philadelphia, Pa., for Fidelity Bank.

Herbert Smolen, Asst. City Sol., for City of Philadelphia.

Roger J. Wittig, Asst. County Atty., for County of Erie, New York.

Moore, James, Wright & Gibbons, by Edwin S. Moore, III, Philadelphia, Pa., for Indianapolis, Ind., et al.

Theodore L. Sendak, Atty. Gen., by Joseph S. Van Bokkelem, Asst. Atty. Gen., for State of Indiana.

Vincent P. Molineaux, Albany, N. Y., and James P. Corcoran, New York City, for State of New York.

## MEMORANDUM AND ORDER NO. 602

FULLAM, District Judge.

Order No. 78 governs sales of real and personal property involving less than $100,000, and the salvage and re-use of personal property of the Debtor. The Trustees and various other parties in interest now seek certain substantive and procedural revisions in that Order. Moreover, some questions have apparently arisen as to the adequacy of notice of the hearing which resulted in Order No. 78.

To consider the requested changes, and to afford a further opportunity for all interested persons to be heard, a further hearing has been held. Pursuant to Order No. 474, direct and adequate notice, in person and by publication, has been given to all taxing authorities involved; indeed, many appeared at the hearing and expressed their views.

The issues raised are many and complex. The taxing authorities seek to have tax claims satisfied from the proceeds of sales, and to expand the definition of tax claims. The Trustees argue for continuation of the practice of escrowing the proceeds, subject to the tax liens, with payment discretionary. Mortgage indenture trustees seek a declaration of administrative claim status for mortgaged salvage used elsewhere, and for any payments of taxes.

While these matters are being debated and considered, it is essential that the program of sales not be stultified. The form of order proposed by the Trustees permits the sales to continue, but affords protection to all of the interests asserted. However, against the possibility that the definition of "tax claims" may ultimately be enlarged, the proposed order will be modified to insure that sums double the amount of present tax claims as defined in paragraph 3 of Order No. 602 will remain in escrow, not subject to interim withdrawals.

The above determination is interim in nature pending final resolution of the contentions of the parties.

## ORDER NO. 602

And now, this 7th day of March, 1972, upon consideration of the Motion of the Trustees to Amend Order No. 78

Authorizing the Trustees to Sell Property and to Recover and use Property; it appearing that personal notice and notice by publication has been effectuated pursuant to Order No. 474 of this Court; and upon hearing thereon, it is ordered that Order No. 78, entered November 16, 1970, be amended to read as follows:

1. The Trustees or their duly authorized designees are hereby authorized:

(a) To convey, from time to time, at private sale or exchange, free from all legal and equitable liens or whatever kind and whenever arising, without notice, for the best prices or values obtainable, such of the property of the Debtor, real or personal, referred to in the Petition for Order No. 78 as may be salable and is not needed by the Trustees in the operation of the railroad or in the conduct of their business; subject, however, to the limitation that the amount involved in any single sale or transaction shall not exceed $100,000;

(b) To salvage for reuse any personal property which will be economically useful or valuable in the maintenance or operation of the Debtor's estate or the conduct of the Trustees' business;

(c) To scrap any personal property which is no longer economically useful or valuable in the maintenance or operation of the Debtor's estate or the conduct of the Trustees' business;

Provided, (i) that any such sale, exchange, salvage or scrap transaction would, in the absence of a default, be permissible under the terms of any mortgage constituting a lien on the property sold, exchanged, salvaged or scrapped (but the documentation provided for under such mortgage shall not be required); (ii) that except in accordance with Section 77(o) of the Bankruptcy Act, no such transaction would break the continuity of any line of railway upon which any such mortgage constitutes a lien or eliminate access to any terminal or interchange point of any such line of railway; and (iii) that nothing herein shall affect the rights and obligations under any equipment obligation affirmed by the Trustees.

2. When any property is sold or exchanged pursuant to this Order, which property is subject to any lien, including tax liens and liens authorized by the Court, all such liens shall attach to any property received in exchange and to the net proceeds from any such sale or exchange, in the respective order of priorities thereof. Such net proceeds shall, subject to all such liens as noted above, promptly be deposited with the indenture trustee of the mortgage constituting the first lien on the property sold or exchanged. Such net proceeds shall be held by the indenture trustee of such mortgage in an appropriate trust account and shall, at the direction of the Trustees or their duly authorized designees, be invested in certificates of deposit of any bank or trust company or short term securities of the United States Government or any agency thereof. The income or proceeds of such investments shall be added to the deposited funds. In the event that (i) rolling stock or other personal property sold or exchanged is subject to the liens of two or more mortgages and (ii) it is impossible to determine which mortgage constitutes the prior mortgage lien on such property, then the net proceeds shall be deposited with The Industrial Valley Bank & Trust Company, and all of the provisions of Order No. 366 shall apply to such proceeds and the investment, accounting and expenditure with respect thereto, as if such sales or exchange were specifically made subject to the provisions of Order No. 366 by further order of this Court.

3. The Trustees are authorized to withdraw such funds as have been deposited with the various indenture trustees, together with the income therefrom, from time to time to pay for additions and betterments to properties which are or will be subject to the same mortgage liens and in the same order of priority

as pertained to the property from which the deposited funds were derived; provided, (i) that such additions and betterments to which the deposited funds are to be applied shall not have been made earlier than six months prior to the date such funds were deposited, but in no event prior to June 21, 1970; (ii) that the application of proceeds of transactions described in paragraph 2 hereof to pay for such additions and betterments would, in the absence of default, be permissible under the terms of the first mortgage on the property so improved; and (iii) that any such withdrawals shall be made only upon presentation to the indenture trustee of such first mortgage of a certificate (a copy of which shall be furnished to the indenture trustee of each junior mortgage on such proceeds) made by the Trustees or their duly authorized designees describing the additions and betterments and stating that such additions and betterments are subject to the liens of such mortgages in such order of priority and have a fair value not less than the amount to be so withdrawn, which presentation for withdrawals shall be honored promptly. Withdrawals shall be permitted subsequent to the date of this amended order only in the event that the amount of the proceeds, together with the income thereon, on deposit with an indenture trustee exceeds twice the total amount of any "tax claims" with respect to the parcels of real property from which the deposited funds have been derived. For purposes of this Order, a "tax claim" shall mean that portion of any claim for real estate taxes secured by a lien which is specifically allocable to the real property sold. The amount of said "tax claim" shall be estimated by the Trustees at the time of the sale; notice of such amount shall be given to the taxing authority asserting such "tax claim" and shall be reported to the Court and indenture trustees pursuant to paragraph 7 hereof.

4. When any personal property subject to any lien, including liens authorized by this Court, is salvaged or scrapped pursuant to this Order, all such liens shall be divested and the Trustees may thereafter transfer such personal property free and clear of all liens and encumbrances. When such personal property is removed from the mortgaged premises, representatives of the Trustees will classify such property as salvage or scrap material, and the Trustees shall enter in their books and accounts a credit for such removed property, the amount of which credit shall be calculated in a manner consistent with accepted railroad accounting procedures, as now employed by the Trustees and as shall be described more fully in the monthly reports on all such salvage and scrap transactions pursuant to Paragraph 7 hereof. Such credits shall be included in any valuation of the property subject to the mortgages upon said salvaged or scrapped property in a plan of reorganization confirmed herein or in any other final proceeding for the winding up of the affairs of the Debtor; provided, however, that this Order is entered without prejudice to the right of any indenture trustee to petition this Court at any time for a determination of the treatment and priority to be accorded such indenture trustee with respect to transactions involving the salvage or scrapping of personal property and the credits attributable thereto.

5. The Trustees are authorized in their discretion to pay taxes specifically allocable to property sold pursuant to this Order by making payment of such amounts out of the proceeds for the respective sales of property to which such taxes pertained. To the extent that taxes are paid out of the proceeds of the respective sales of property to which such taxes pertained and to the extent that such amounts, except for these proceedings, would have been payable by the Debtor from funds other than the proceeds of sales, the Trustees shall credit on their books and accounts for such payments amounts equal to such payments in the same manner as credits are entered for personal property salvaged

or scrapped pursuant to paragraph 4 hereof.

6. In the event that, subsequent to the date of this Order, the Trustees propose to sell pursuant to this Order real property which is subject to a specific determinable lien in favor of one or more judgment creditors or other lienors not served with notice of the hearing on the motion of the Trustees to amend Order No. 78, pursuant to the order of notice thereon, the Trustees shall send to any such judgment creditor or other lienor, at least 21 days prior to the closing date of the proposed transaction, written notice thereof, by registered mail directed to the last known address of the said judgment creditor or lienor. The notice shall include: (a) an identification of the property or interest therein to be sold, stating the location and size of the property; (b) the consideration to be paid for the property; (c) an identification of the lien held or claimed by the recipient; and (d) a copy of this Order. If any such judgment creditor or other lienor given notice of a proposed transaction hereunder serves upon the Trustees, by first-class mail addressed to: Vice President—Real Estate, Penn Central Transportation Company, Six Penn Center Plaza, Philadelphia, Pennsylvania, no later than 14 days after mailing of such notice, written objections to the transaction, the transaction shall not be consummated except upon order of this Court after a hearing held with respect thereto.

7. The Trustees are directed to furnish monthly, on or prior to the last day of the month next succeeding the month which is the subject of the report, to the Court and to the indenture trustees of all mortgages constituting liens on any portion of the property of the Debtor, a detailed accounting of transactions effected during the preceding month, showing therein all transactions of sale, exchange, salvage, scrap and withdrawal (including appropriate identification of the property, transferee, consideration or credit, date of transaction and any taxes thereon paid or remaining un-

paid), a description of each addition and betterment made as provided above, and the mortgage (or mortgages, in the order of their priority) constituting a lien on the property or proceeds, if any, involved in each such transaction. Any indenture trustee of any mortgage constituting a lien upon any portion of the property of the Debtor, and any intervenor in this proceeding, shall have the right, within the time permitted for the filing of objections to the plan of reorganization approved herein or other final proceedings with respect to the winding up of the affairs of the Debtor, to file objections to any such accounting (including, but not limited to, the allocation of the proceeds of any transaction reflected therein), and to have the same heard and determined in this proceeding.

8. This Order shall be effective retroactive to November 16, 1970.