In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

Re: Objections of O'Connell and Bauer to Proposed Sales of Real Estate.

No. 70-347.

United States District Court, E. D. Pennsylvania.

March 1, 1973.

James E. Howard, Philadelphia, Pa., for Trustees.

Robert A. Lebovitz, Lebovitz & Lebovitz, Pittsburgh, Pa., for O'Connell & Bauer.

## MEMORANDUM AND ORDER NO. 1131

FULLAM, District Judge.

Order No. 602 in these proceedings, 340 F.Supp. 851, sets forth the procedures to be followed in carrying out "mior" sales of real estate (*i. e.*, where the proposed sale price does not exceed $100,-000). In general, the Trustees are thereby authorized to effect such sales in their discretion, without the necessity of obtaining separate court approval for each such transaction. In order to insure that lienholders are accorded due process, however, paragraph 6 of Order No. 602 requires the Trustees to give written notice of such proposed sales to all persons having liens against the property proposed for sale. Thereafter, such lienholders are afforded an opportunity to file objections, and, in that event, the Trustees may not consummate the proposed transaction unless specifically authorized to do so by further order of this Court.

The primary purpose of this procedure is to insure that interested parties will have an opportunity to object to the terms of the proposed sale, or to challenge the Trustees' discretionary determination that the property is surplus and that the proposed sale would be in the best interests of the Debtor's estate. It should not be interpreted as suggesting that the consent of lienholders is required before such sales may be carried out.

Pursuant to Order No. 602, the Trustees determined to sell approximately 10 parcels of real estate in Pittsburgh, Pennsylvania, and, in November of 1972, duly notified various lienholders. On November 24, 1972, two judgment creditors of the Debtor, Francis X. O'Donnell and Richard A. Bauer, filed objections to the proposed sales (Document No. 4710). On January 22, 1973, the Trustees filed a motion for relief from said objections (Document No. 4998) and sought authorization to consummate the proposed sales. By Order No. 1081, I invited the objectors to file "a pleading setting forth, in sufficient detail to permit a response, the basis or bases of the objections to the proposed sales . . . ." This was done, on or about February 5, 1973, and the Trustees have filed their response.

On the basis of the record, it now appears that there is no factual dispute, and no necessity for a further hearing.

The objectors recovered judgments against the Debtor on September 1, 1972, in the United States District Court for the Western District of Pennsylvania, Civil Action No. 69–896 in Admiralty; opinion reported 121 Pittsburgh L.J. 1, awarding damages for personal injuries sustained in an accident on the Ohio River in 1967. They do not object to the merits of the proposed sales, but argue that the sales cannot take place unless and until their judgments are paid. This contention is based upon the theory that the judgments in question represent "liabilities for willful and malicious injuries to the person or property of another" and are thus not dischargeable in bankruptcy, under § 17(a)(8) of the Bankruptcy Act (11 U.S.C. § 35(a)(8)). The objections are plainly without merit.

■ In the first place, the discharge of debts in a railroad reorganization is governed by § 77(f) of the Bankruptcy Act (11 U.S.C. § 205(f)); the provisions of § 17 on that subject are inapplicable.

■ In the second place, even if it should be held that the judgments in question are non-dischargeable debts, this would have no effect upon the power of the court to authorize sales free and clear of all liens, under § 77(*o*) (11 U.S.

C. § 205(*o*)); the liens, whatever their character, are transferred to the proceeds from the sales.

■ And finally, there is no basis for asserting that these judgments stem from "willful and malicious injuries." The objectors were injured by the explosion of a railroad "torpedo," which apparently fell from a railroad bridge as their pleasure craft was passing beneath the bridge on the Ohio River. The only evidence as to the nature of the device which exploded was expert testimony, based upon examination of the fragments. Liability was based, not upon proof of negligence, but upon the principle of absolute liability in connection with hazardous substances. Liability was imposed upon the railroad, not upon the basis of any evidence that its employees caused the accident, but upon a finding that the railroad was in substantially exclusive control of the bridge from which the device descended. Only compensatory damages were awarded; punitive damages were apparently not even sought. Imposition of absolute liability irrespective of negligence, and imputed to the defendant under the exclusive control doctrine, certainly cannot be regarded as a determination of "willful and malicious injuries."

## ORDER NO. 1131

And now, this 1st day of March, 1973, upon consideration of the objections of Francis X. O'Donnell and Richard A. Bauer to the sale of real estate (Document No. 4710), the Trustees' motion for relief therefrom (Document No. 4998), and the respective responses and memoranda of the parties, it is ORDERED:

1. The objections of Francis X. O'Donnell and Richard A. Bauer are overruled.

2. The Trustees are authorized to consummate the transactions (the sales of 10 parcels of real estate in Pittsburgh, Allegheny County, Pennsylvania, referred to in the Trustees' motion for relief) in accordance with Order No. 602 herein.